IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JACOB DONNELLY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-24-00822-JD |
| ) | |
| LIBERTY MUTUAL PERSONAL ) | |
| INSURANCE COMPANY, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before the Court is Plaintiff Jacob Donnelly's ("Plaintiff") Motion to Remand to State Court ("Motion"). [Doc. No. 16]. Defendant Liberty Mutual Personal Insurance Company ("Liberty Mutual") filed a Response ("Response"). [Doc. No. 20]. Plaintiff did not file a reply. As discussed below, the Court denies Plaintiff's Motion.

### I.    BACKGROUND[1]

Plaintiff has a homeowner's policy with Liberty Mutual. [Doc. No. 1-1 at 5].[2] Plaintiff negotiated the purchase of a new homeowner's policy with insurance agent

---

[1] The Court takes the background information mainly from Plaintiff's petition. [Doc. No. 1-1]. In Plaintiff's Motion, Plaintiff omits certain facts, such as that Price only sold Plaintiff the insurance policy with Allstate and not the insurance policy with Liberty Mutual. [*Cf.* Doc. No. 20 at 6 (citing Doc. No. 20-2)]. This is reasonably inferred from the facts and timing alleged in the petition. [*See* Doc. No. 1-1 at 6 (under heading "Factual Background as to Allstate Insurance") and 10 (alleging Price and Allstate's conduct relating to the Allstate policy)].

[2] The Court refers to the amended petition attached to the notice of removal [Doc. No. 1-1] as the petition throughout this Order. Additionally, the Court uses CM/ECF page numbering from the top of docket filings.

Defendant George Price d/b/a George Price Agency, LLC ("Price"). [Doc. No. 16 at 1]. Price sold Plaintiff a new homeowner's policy with Defendant Allstate Vehicle and Property Insurance Company d/b/a Allstate Insurance Company ("Allstate"). [*Id.* at 1–2; Doc. No. 20 at 5–6]. Plaintiff did not purchase the Liberty Mutual policy from Price. [Doc. No. 20 at 6].

On or around September 4, 2022, a hailstorm damaged Plaintiff's roof. [Doc. No. 1-1 at 5]. Plaintiff submitted claims relating to the roof damage to both Liberty Mutual and Allstate. [*Id.* at 5, 6]. Liberty Mutual denied Plaintiff's claim because it claimed the damage was cosmetic. [*Id.* at 5]. Allstate also denied Plaintiff's claim because Liberty Mutual was the carrier of Plaintiff's homeowners' insurance as of the date of damage. [*Id.* at 6]. Allstate did inspect Plaintiff's roof, however, and determined the roof needed to be replaced. [*Id.*].

Plaintiff attempted to open a second claim with Allstate for damage pertaining to a storm on April 19, 2023. [*Id.*]. Allstate treated this claim as the original claim and ultimately denied it, stating Liberty Mutual was the responsible carrier. [*Id.*].

Plaintiff initiated this case in the District Court of Oklahoma County. Plaintiff alleges causes of action of breach of contract and breach of the duty of good faith and fair dealing against Liberty Mutual, breach of contract against Allstate, and constructive fraud and negligent misrepresentation against Price. [*Id.* at 6–10].

Liberty Mutual removed the case to federal court on the basis of diversity jurisdiction, arguing Plaintiff fraudulently joined Price in order to defeat diversity jurisdiction. [Doc. No. 1]. Plaintiff moved to remand the case to state court, arguing that

Price is not fraudulently joined. [Doc. No. 16]. Plaintiff asserts he has viable claims for negligent procurement and constructive fraud/negligent misrepresentation claims against Price. [*Id.* at 5–12].

## II. ANALYSIS

### A. Diversity Jurisdiction

A case generally may be removed to federal court if it is one over which the federal courts have original jurisdiction. 28 U.S.C. § 1441(a). Original jurisdiction includes disputes between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. *Id.* § 1332(a)(1). Federal jurisdiction under 28 U.S.C. § 1332(a) requires "complete diversity" among the parties, meaning the citizenship of all defendants must be different from the citizenship of all plaintiffs. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005).

A party invoking diversity jurisdiction—here, Liberty Mutual—has the "burden of proving [diversity jurisdiction] by a preponderance of the evidence." *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014). Because federal courts are limited tribunals, "statutes conferring jurisdiction upon the federal courts, and particularly removal statutes, are to be narrowly construed . . . ." *Pritchett v. Office Depot. Inc.*, 420 F.3d 1090, 1094–95 (10th Cir. 2005) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941)).

### B. Fraudulent Joinder

The Supreme Court has long recognized that a defendant's "right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real

connection with the controversy." *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921); *see also Wecker v. Nat'l Enameling & Stamping Co.*, 204 U.S. 176, 185–86 (1907). The doctrine of fraudulent joinder permits a federal court to disregard the citizenship of a nondiverse defendant against whom the plaintiff has not asserted or cannot assert a colorable claim for relief. *See Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013).

To establish fraudulent joinder, the removing party has the "heavy burden" to prove either: (1) actual fraud in the pleading of jurisdictional facts; or (2) the inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Id*. Here, Liberty Mutual has not alleged actual fraud in the pleading of jurisdictional facts, so the Court's focus will be on the latter consideration—the inability of Plaintiff to establish a cause of action against Price in state court.

If there is "a reasonable basis to believe the plaintiff might succeed in at least one claim against the non-diverse defendant" then the case must be remanded. *Nerad v. AstraZeneca Pharms., Inc.*, 203 F. App'x 911, 913 (10th Cir. 2006) (unpublished). "A 'reasonable basis' means just that: the claim need not be a sure-thing, but it must have a basis in the alleged facts and the applicable law." *Id.* In contrast, the non-liability of the defendant alleged to be fraudulently joined must be established with "complete certainty." *See Smoot v. Chi., Rock Island & Pac. R.R. Co.*, 378 F.2d 879, 882 (10th Cir. 1967); *Dodd v. Fawcett Publ'ns., Inc.*, 329 F.2d 82, 85 (10th Cir. 1964).[3]

---

[3] *See also Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003) ("Although these tests appear dissimilar, 'absolutely no possibility' vs. 'reasonable basis,' we must assume that

4

Importantly, "upon specific allegations of fraudulent joinder the court may pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available." *Smoot*, 378 F.2d at 882 (citations omitted). In this context, courts are not "compelled to believe whatever the plaintiff says in his complaint." *Brazell v. Waite*, 525 F. App'x 878, 881 (10th Cir. 2013) (unpublished). "'[F]ederal courts may look beyond the pleadings to determine if the joinder, although fair on its face, is a sham or fraudulent device to prevent removal.'" *Id.* (quoting *Smoot*, 378 F.2d at 881–82).

The Tenth Circuit is clear that the analysis is not a mini-trial or pre-trial where the Court weighs the evidence and makes a merits-based determination. As it has stated, "'[a] claim which can be dismissed only after an intricate analysis of state law is not so wholly insubstantial and frivolous that it may be disregarded for purposes of diversity jurisdiction.'" *Id.* (quoting *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 853 (3d Cir. 1992)). Finally, the Court resolves "all disputed questions of fact and all ambiguities in the controlling [state] law in favor of the non-removing party." *Montano v. Allstate Indem.*, No. 99-2225, 2000 WL 525592, at *1 (10th Cir. Apr. 14, 2000) (unpublished) (quoting *Hart v. Bayer Corp.*, 199 F.3d 239, 246 (5th Cir. 2000)).

**C.    Plaintiff does not have a reasonable basis for his claims against Price.**

Plaintiff's Motion states he has two viable claims against Price—a claim for negligent procurement and a claim for constructive fraud/negligent misrepresentation. [Doc. No. 16 at 5–10, 10–12]. The Court notes that Plaintiff has not asserted a claim for

---

they are meant to be equivalent because each is presented as a restatement of the other.") (citing 16 MOORE'S FEDERAL PRACTICE § 107.14[2][c][iv][A]).

negligent procurement in his active complaint [Doc. No. 1-1] or in the complaint attached to his pending Motion for Leave to Amend [Doc. No. 23-1]. However, to the extent Plaintiff would seek leave to assert such a claim in the future, the Court will address Plaintiff's arguments pertaining to negligent procurement.

In this diversity action, the Court must determine if Plaintiff's claims have a reasonable basis in state court, thus applying Oklahoma law.[4] Under Oklahoma law, "[a]n agent has the duty to act in good faith and use reasonable care, skill and diligence in the procurement of insurance and an agent is liable to the insured if, by the agent's fault, insurance is not procured as promised and the insured suffers a loss." *Swickey v. Silvey Cos.*, 1999 OK CIV APP 48, ¶ 13, 979 P.2d 266, 269.

Plaintiff states that the basis for his negligent procurement claim is that he "engaged Price to procure replacement cost coverage for his home's roof and provided Price all details requested about the property." [Doc. No. 16 at 6]. Plaintiff further states

---

[4] As noted by Price, [*see* Doc. No. 17], the Court may take judicial notice of the state court docket. *See United States v. Ahidley*, 486 F.3d 1184, 1192, n.5 (10th Cir. 2007) ("[W]e may exercise our discretion to take judicial notice of publicly-filed records in our court and certain other courts concerning matters that bear directly upon the disposition of the case at hand."); *St. Louis Baptist Temple, Inc. v. FDIC*, 605 F.2d 1169, 1172 (10th Cir. 1979) ("[F]ederal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system . . . .").
  The docket indicates that on August 8, 2024, the day before removal, the state court sustained Defendant George Price Agency, LLC's Motion to Dismiss Plaintiff's Amended Petition with leave to amend. *See Donnelly v. Liberty Mut. Pers. Ins., et al.*, https://www.oscn.net/dockets/GetCaseInformation.aspx?db=oklahoma&number=CJ-2024-3087 (last viewed Mar. 17, 2025); *see also* Updated Docket [Doc. No. 17-1 at 5]. The state court's grant of Price's motion to dismiss the petition as to Price before removal would seem to further support the Court's conclusions in this Order that the claims against Price do not have a reasonable basis in state law.

that "[u]ntil Plaintiff was advised a hailstorm destroyed the roof on his home and rendered it structurally unsound, Plaintiff had no idea Price had procured a policy that would refuse to replace his roof. At no point in time did Price tell Plaintiff that there could be issues with his roof which would effect [sic] coverage." [*Id.*].

Plaintiff's allegations, however, have no nexus to the reason Allstate denied Plaintiff's claims. Taking Plaintiff's claims as true, that Price did not provide Plaintiff with the coverage he promised to provide, Price's alleged failure to do so did not lead to the denial of Plaintiff's claim. As stated in Plaintiff's own petition, "Allstate informed Plaintiff on April 16, 2023, that Liberty Mutual was the carrier of his homeowners' insurance on the date of September 4, 2022 and therefore would have to open a claim with Liberty Mutual to assess the roof damage." [Doc. No. 1-1 ¶ 16]. And, relating to the second claim filed with Allstate, Plaintiff states "Allstate treated this April 19, 2023 claim as the original claim that was reported to them on February 18, 2023. Allstate ultimately denies this claim because they allege Liberty Mutual is the responsible carrier." [*Id.* ¶ 20].

Plaintiff's petition does not allege, and Plaintiff does not anywhere state, that Allstate denied Plaintiff's claim because Plaintiff's policy did not cover the damage. Accordingly, the alleged misrepresentations made by Price regarding the type of policy he procured have no nexus to Plaintiff's damage. The Court, therefore, concludes that

7

Plaintiff does not have a reasonable basis for a negligent procurement claim against Price.[5]

"Under Oklahoma law, constructive fraud [or negligent misrepresentation] consists of 'any breach of duty which, without an actually fraudulent intent, gains an advantage to the person in fault, or any one claiming under him, by misleading another to [her] prejudice, or to the prejudice of any one claiming under him[.]'" *McDow v. State Farm Fire & Cas. Co.*, No. CIV-22-927-F, 2022 WL 17960457, at *2 (W.D. Okla. Dec. 27, 2022) (quoting 15 Okla. Stat. § 59) (analyzing a constructive fraud and negligent misrepresentation claim against an agent). Plaintiff would need to demonstrate (1) Price breached a duty, (2) Price benefitted from the breach, and (3) the breach prejudiced Plaintiff. *See id.*

Like his purported negligent procurement claim, Plaintiff asserts as the basis for his constructive fraud/negligent misrepresentation claim that "Plaintiff provided Price with information about his property and relied on Price to obtain a policy which would accurately reflect the value of his roof. Price represented that the value of the coverage it obtained was enough to fully compensate Plaintiff in the event of a loss." [Doc. No. 16 at 11–12]. Whereas the above allegations, if taken as true, support that Price breached a duty by allegedly failing to provide the type of coverage Plaintiff requested, Plaintiff does

---

[5] The Court does not examine Plaintiff's allegations pertaining to negligent procurement as they pertain to Liberty Mutual's denial of Plaintiff's claims because Liberty Mutual states, and Plaintiff does not dispute, that Price was not the insurance agent who procured the Liberty Mutual policy for Plaintiff. [Doc. No. 20 at 6]; *see also supra* n.1. Thus, any damage related to Liberty Mutual's denial of Plaintiff's claims is not attributable to Price.

not demonstrate *how* the breach of that duty related to Allstate's ultimate denial of his claims. If Plaintiff alleges that Price did not secure the amount of coverage Plaintiff requested, Plaintiff still must show that breach prejudiced him in some way, which Plaintiff does not allege.

Accordingly, Plaintiff does not have a reasonable basis for a constructive fraud/negligent misrepresentation claim.

### III. CONCLUSION

For the reasons stated above, the Court denies Plaintiff's Motion to Remand. Because the Court finds Liberty Mutual has asserted an adequate basis for fraudulent joinder, the Court denies Plaintiff's request for attorneys' fees and costs. The Court dismisses Plaintiff's claims against Price without prejudice but without leave to amend in this action.

IT IS SO ORDERED this 17th day of March 2025.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE